Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 324 | **DATE** | 1/24/2012 |
| **CASE TITLE** | Sheik Abdul-Musawwir Shakoor-Bey vs. James M. Obbish, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the instant action is hereby ordered dismissed. Plaintiff's motion for leave to proceed in forma pauperis [4] is denied as moot. Civil case terminated.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Sheik Abdul-Musawuir Shakoor-Bey's (Shakoor-Bey) motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e) (Section 1915(e)), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. . . ." *Id.* Shakoor-Bey has filed a complaint *pro se*, and thus the court construes the complaint liberally. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000)(stating that "*pro se* complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers").

In his *pro se* complaint, Shakoor-Bey alleges that he is a Moorish American National. Shakoor-Bey also alleges that on February 11, 2011, Chicago Police Officers arrested him, fingerprinted him, and charged him with a crime under the name Abul Masww Bey, which he claims is "fictitious." (Compl. 4). Shakoor-Bey further alleges that the state prosecuted him for a crime and that such prosecution was an "unlawful/illegal denationalization tactic[]" done "to extract riches of this world." (Compl. 4). In addition, Shakoor-Bey alleges that, as a foreign citizen, any proceeding against him initiated by the state, including

## STATEMENT

criminal proceedings, "must originate in the Supreme Court of the United States;" otherwise, the state has committed a tort against him. (Compl. 2). Shakoor-Bey has sued for injunctive relief and $100,000.00 in compensatory and punitive damages.

Not only are Shakoor-Bey's claims based upon an incorrect reading of the United States Constitution, his claims are also dependent upon his assertion that he is a foreign citizen by virtue of his membership in the Moorish Science Temple of America. The Seventh Circuit has clearly rejected such arguments. *See, e.g., United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003). In addition, to the extent that Shakoor-Bey is seeking to appeal a state court criminal conviction, this court is not the proper forum for such an appeal. Even when construed liberally, Shakoor-Bey's complaint fails to state a claim upon which relief may be granted. Therefore, based on the above, the instant action is dismissed, and Shakoor-Bey's motion for leave to proceed *in forma pauperis* is denied as moot.